| | |
|---|---|
| 1 | **SULAIMAN LAW GROUP, LTD.** |
| 2 | Alejandro E. Figueroa (State Bar No. 332132) |
|   | 2500 South Highland Avenue, Suite 200 |
| 3 | Lombard, IL 60148 |
|   | Telephone: (630) 575-8181 |
| 4 | Facsimile: (630) 575-8188 |
|   | Email: alejandrof@sulaimanlaw.com |
| 5 | Attorney for Plaintiff |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW L. CARTER, | Case No. **'22CV0271 BAS WVG** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** |
| CAPITAL LINK MANAGEMENT, LLC, | **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes ANDREW L. CARTER ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of CAPITAL LINK MANAGEMENT, LLC, ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and Rosenthal Fair Debt Collection Practices Act ("RFDCPA") for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Southern District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of California.

4. Joinder of Plaintiff's claims against Defendant is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

**PARTIES**

5. Plaintiff is a consumer and a natural person over-the-age of 18 residing within the Southern District of California.

6. As advertised on its website, Defendant is a third-party debt collector.[1] Defendant is a limited liability company organized under the laws of the state of New York registered at 455 Commerce Drive, Suite 7, Amherst, New York 14228. Defendant regularly collection from consumer in the state of California.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

---

[1] https://capitallinkmanagement.com/

**FACTS SUPPORTING CAUSES OF ACTION**

8. The instant action stems from Defendant's attempts to collect upon a consumer debt that Plaintiff allegedly owes ("subject debt").

9. Upon information and belief, after the subject debt was purportedly in default, the subject debt was placed with Defendant for debt collection purposes.

10. Defendant started placing collection phone calls to Plaintiff's cellular phone, (760) XXX-6557.

11. Plaintiff answered one of Defendant's collection phone calls and advised Defendant's representative that he was at work and, thus, would not be able to speak them at that time.

12. Approximately twenty minutes after this phone conversation took place, Defendant's representative contacted Plaintiff's friend, Lindsey Frank, on phone number (619) XXX- 3721.

13. Defendant left a voicemail message on Plaintiff's friend's phone in an attempt to collect upon the subject debt.

14. Furthermore, in Defendant's voicemail, Defendant discloses confidential information related to the subject debt.

15. Specifically, in the voicemail message Defendant's agent states that the subject debt is impacting Plaintiff's credit and further states to contact them about options to help resolve Plaintiff's account.

16. Frustrated, distressed and confused over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, resulting in expenses.

17. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to emotional distress stemming from his friend learning about his finances, lost time addressing Defendant's unlawful collection efforts, as well as violations of his state and federally

protected interest to be free from harassing, deceptive and misleading debt collection communications.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though full set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a (3) of the FDCPA.

20. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts owed to others, and further as it is a business whose principal purpose is the collection of debts.

21. Defendant identifies itself as a debt collection, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692b**

23. The FDCPA, pursuant to 15 U.S.C. §1692b(2), prohibits "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt.

24. Defendant violated 15 U.S.C. §1692b(2) when it called Plaintiff's friend and disclosed to her that Plaintiff allegedly owes a debt in the voicemail message it left.

25. Additionally, under §1692b(3), a debt collector is prohibited from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer [and] shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier responses of

such erroneous or incomplete and that such person now has correct or complete location information."

26. Defendant violated 15 U.S.C. §1692b(3) when Defendant contacted Plaintiff's friend despite the fact that Plaintiff's friend is not responsible for the subject debt. Defendant employed this tactic in order to exert outward pressure on Plaintiff.

   **b. Violations of the FDCPA, § 1692c**

27. The FDCPA, pursuant to 15 U.S.C. § 1692c(b), prohibits without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of a competent jurisdiction, or as reasonably necessary to effectuate a post judicial remedy, a debt collector may not communicate in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor or the attorney of the debt collector.

28. Defendant violated § 1692c (b) when it contacted Plaintiff's friend and disclosed confidential information to her regarding the subject debt without Plaintiff's prior consent.

   **b.  Violations of FDCPA § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendants violated §1692e, e(2)(a), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to implicitly represent that it could contact Plaintiff's friend and disclose to her that Plaintiff allegedly owes the subject debt when the FDCPA specifically prohibits this conduct.

### c. Violations of FDCPA § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f when Defendant unfairly and unconscionably attempted to collect upon the subject consumer debt by contacting Plaintiff's friend and disclosing to her that Plaintiff owes the allegedly owes the subject debt. Any reasonable fact finder will conclude Defendant's action were unfair and unconscionable as they were designed to instill an undue sense of urgency within Plaintiff.

34. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ANDREW L. CARTER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendants from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

37. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

38. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    a. **Violations of RFDCPA §§ 1788.10–1788.17**

39. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

40. As outlined above, through its continuous attempts to collect the subject debt from Plaintiff, Defendant violated § 1788.17; and §§ 1692b, c, d, e, and f. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect from Plaintiff.

41. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, ANDREW L. CARTER., respectfully requests that this Honorable Court enter judgment in his favor as follows:

  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

  b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

  c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

  d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

  e. Award any other relief as the Honorable Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: February 28, 2022 | Respectfully submitted, |
| 2 | | By: /s/ Alejandro E. Figueroa |
| 3 | | Sulaiman Law Group, Ltd.<br>Alejandro E. Figueroa (State Bar No. 332132) |
| 4 | | 2500 South Highland Avenue, Suite 200<br>Lombard, IL 60148 |
| 5 | | Telephone: (630) 575-8181 x 120<br>Facsimile: (630) 575-8188 |
| 6 | | Email: alejandrof@sulaimanlaw.com |
| 7 | | *Attorney for Plaintiff* |